■ In the Matter of RENEE L., a Child Alleged to be Abused. CORINDA S. L., Appellant.—In a child protection proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of a dispositional order of the Family Court, Westchester County (Scancarelli, J.), entered November 14, 1988, as directed her to comply with any recommendations suggested by the psychiatric and psychological evaluations submitted during the dispositional stage of this proceeding for in-patient evaluation and treatment at a psychiatric facility.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the third decretal paragraph of the order is deleted, and a provision is substituted therefor directing the mother to cooperate in obtaining and accepting psychiatric diagnosis and treatment.

It appears that the dispositional order was made pursuant to Family Court Act § 1057, which authorizes the court to place the appellant under the supervision of the Commissioner of Social Services, and 22 NYCRR 205.83 (a) (5) and (b) (1) and (2), which authorize the court to direct the appellant to cooperate in obtaining and accepting psychiatric diagnosis and treatment. We agree with the appellant, however, that the Family Court's dispositional order was too broadly drawn and, in effect, directed her to voluntarily commit herself for evaluation and treatment as an in-patient at a psychiatric facility, as recommended by the psychiatrist and the psychologist at the dispositional hearing.

In its decision after the dispositional hearing, the Family Court clearly stated that it was not ordering the appellant to voluntarily commit herself for in-patient psychiatric diagnosis

and treatment. Rather, the court strongly urged the appellant to cooperate in obtaining and accepting psychiatric diagnosis and treatment, and we have clarified the dispositional order accordingly. However, as noted by the Family Court, if the appellant fails to cooperate in obtaining and accepting psychiatric diagnosis and treatment, it is likely that her psychiatric condition will not improve and she will not be able to be reunited with her child. Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.