■ In the Matter of MICHAEL S. ADRIENNE S., Appellant; WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of a dispositional order of the Family Court, Westchester County (Tolbert, J.), entered September 12, 1988, as, after a hearing, directed her to "involve herself in individual therapy while incarcerated and upon her release * * * to continue in therapy so long as the professional providing the therapy deems [it] necessary".

Ordered that the order is modified, on the law, by deleting the ninth decretal paragraph thereof, and substituting therefor the following language: "ORDERED that the respondent involve herself in individual therapy for a period of eighteen months; upon the expiration of that period, the court may

upon a hearing and for good cause shown, make successive extensions of such supervision of up to one year each"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court's determination that the mother should involve herself in individual therapy was supported by a preponderance of the evidence (see, Matter of Renee L., 166 AD2d 448). However, the Family Court erred in failing to place a time limitation on this directive. Family Court Act former § 1057, which was in effect in 1988, provided, in pertinent part, that "[t]he duration of any period of supervision shall be for an initial period of no more than eighteen months and the court may at the expiration of that period upon a hearing and for good cause shown, make successive extensions of such supervision of up to one year each" (Family Ct Act § 1057 was amended, eff Nov. 1, 1989 [L 1989, ch 458, § 3], by reducing the initial period of supervision from 18 months to one year). Accordingly, the order is modified to the extent indicated. We note that the initial 18-month period has long expired. If the petitioner deems it appropriate that the respondent mother continue to involve herself in individual therapy, it should petition the Family Court for an extension of the period of supervision.

Finally, we have reviewed the mother's remaining argument, as well as the law guardian's argument that the instant appeal is academic, and find them to be without merit. Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.