■ In the Matter of ABBY GAIL E. and Others, Children Alleged to be Abused and Neglected. MICHAEL R., Appellant; ROCKLAND COUNTY DEPT. OF SOCIAL SERVICES, Respondent. [595 NYS2d 534] —In consolidated child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Rockland County (Warren, J.), dated April 24, 1992, which, upon a fact-finding order dated November 8, 1991, finding that he sexually abused Abby Gail E. and neglected Bernard E. and Benjamin E., ordered him to, among other things, enter sex offender's therapy, not Ramapo Counseling.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing was sufficient to prove the alleged sexual abuse by the requisite preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Tammie Z., 66 NY2d 1, 3-5). In particular, we find that the medical evidence, and the validation testimony of Dr. Anne H. Meltzer, a duly qualified expert in the field of child sexual abuse, constituted sufficient corroboration of the out-of-court statements made by the abused child (see, Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112; Matter of Nicole G., 187 AD2d 650; Matter of Justina S., 180 AD2d 642).

We further conclude that the order directing the appellant to involve himself in sex offender's therapy did not constitute an improvident exercise of discretion (see, Family Ct Act § 1057; cf., Matter of Michael S., 175 AD2d 837, 838). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.