■ In the Matter of MALINDA V., a Child Alleged to be Abused. HUGH V., SR., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of MARY ALICE V., a Child Alleged to be Abused. HUGH V., SR., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent, et al., Respondent. (Proceeding No. 2.) [633 NYS2d 396] —In two child protective proceedings pursuant to Family Court Act article 10, Hugh V., Sr., appeals, as limited by his brief, from stated portions of (1) a dispositional order of the Family Court, Queens County (Fitzmaurice, J.), dated March 30, 1994, which, upon a fact-finding order of the same court, dated February 9, 1993, *inter alia,* directed him to enroll in and complete a program for sex offenders, and (2) a dispositional order of the same court, dated March 30, 1994, which, upon the fact-finding order of the same court, dated January 10, 1994, *inter alia,* directed him to enroll in and complete a program for sex offenders. The appeals bring up for review the fact-finding orders dated February 9, 1993, and January 10, 1994.

Ordered that the dispositional orders are affirmed insofar as appealed from, without costs or disbursements.

Absent a legal disqualification pursuant to Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal *(see, People v Moreno,* 70 NY2d 403; *Matter of Johnson v Hornblass,* 93 AD2d 732). Here, the appellant failed to demonstrate that the court's

ultimate decisions were based upon any bias. Therefore the court did not improvidently exercise its discretion in failing to recuse itself from the case.

The court did not improvidently exercise its discretion in requiring the appellant to enter a sex offenders program *(see, Matter of Abby Gail E.,* 191 AD2d 696) nor in requiring him to enter therapy before he could have any form of visitation with his children *(see, Matter of Esther CC.,* 194 AD2d 949, 951; *Matter of Nassau County Dept. of Social Servs. [Kimberly S.],* 173 AD2d 830).

The appellant's remaining contentions are either not properly before this Court or without merit. O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.