■ In the Matter of PATRICK H., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH N., Appellant. [645 NYS2d 166] —Mikoll, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered May 8, 1995, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Patrick H. a permanently neglected child, and terminated respondent's parental rights.

By permanent neglect petition dated September 21, 1994, petitioner sought to terminate respondent's parental rights to her son, Patrick H. By stipulation, respondent acknowledged that petitioner performed the required assessments, developed appropriate service plans to reunite her with her son, made diligent efforts to strengthen and nurture the parent-child relationship, and that no financial barriers affected respondent's ability to comply. The record further discloses that respondent successfully completed all aspects of the plan of treatment prescribed by petitioner except step 1 of sexual abusers' treatment modality, which is intended to have an abuser confront his or her problem. As a result, respondent was dismissed from further participation. Petitioner decided that under such circumstances, the next step, long-term treatment for sexual abusers, would not be efficacious in respondent's case since she would not admit to the acts for which she was to receive further treatment.

---

Family Court found that in light of respondent's failure to utilize the services offered, she had failed to adequately plan for her child's future. Family Court held that the child was permanently neglected. After a dispositional hearing the court terminated respondent's parental rights, freeing the child for adoption.

Respondent's sole objection on this appeal is based on her contention that her due process rights were impaired in that petitioner did not comply with CPLR 3101 (d) (1) in failing to disclose that an expert would be called by petitioner, despite respondent's demand for names of expert witnesses and the substance of their testimony. We reject this contention. The record discloses that Patricia Novinsky, a therapist for family services, was called but her testimony was that of a fact witness regarding respondent's participation in the sexual abusers' program. We find no prejudice to respondent by her testimony. Novinsky's expertise was not elicited nor was it relevant to the proceedings to establish the basis for Family Court's determination. Additionally, in view of the fact that respondent's counsel was given access to the witness's notes and then pursued a credible cross-examination of the witness, no denial of due process was implicated in any event.

It is appropriate to require treatment for parents found to have sexually abused their children (see, Matter of Abby Gail E., 191 AD2d 696). When a parent fails to participate in counseling or admit or confront the problem, Family Court may terminate parental rights (see, Matter of Kayte M., 201 AD2d 835, 836, lv denied 83 NY2d 757). The determination of Family Court is amply supported by the record.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.