■ In the Matter of BILLIE J. OLIVER, Respondent, v KEITH OLIVER, Appellant. [725 NYS2d 507] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Family Court did not abuse its discretion in transferring sole custody of the parties' three children from respondent to petitioner. Respondent had sole custody of the children pursuant to an order entered upon the consent of petitioner in 1994. He was evicted from his apartment in December 1998, however, and requested that the children reside with petitioner on a temporary basis. Petitioner then commenced this proceeding seeking sole custody of the children. The court credited the testimony of petitioner that respondent telephoned her one or two days after leaving the children with her and threatened to

kill himself. Respondent admitted to a history of suicide threats and a suicide attempt in 1997 and failed to provide the court with a mental health evaluation, despite having agreed to do so. Pending the hearing in August 1999, respondent was given three hours of visitation on Saturday afternoons at a mall.

At the hearing, petitioner established that she had successfully completed a long-term substance abuse treatment program; that she maintained a job and supported the children; that she participated in a parenting program and in counseling programs for the children sponsored by Catholic Services; and that the children enjoyed a stable environment in her care. Petitioner further established that respondent had been homeless and unemployed for a period of several weeks; that he occasionally left the children with women that he met through "internet chat rooms" and had known only a short period time; and that there was an altercation between respondent and the oldest child, who remained fearful of respondent for a period of time. The court's determination that the best interests of the children are served by an award of sole custody to petitioner is accorded great weight and will not be set aside where, as here, it is supported by the record (*see, Matter of King v King,* 251 AD2d 1028, 1029; *cf., Fox v Fox,* 177 AD2d 209, 211-212).

We further conclude, however, that the evidence does not support the court's determination that respondent's continued supervised visitation at a mall is in the best interests of the children (*cf., Matter of Guadagno v Guadagno,* 235 AD2d 854, 855). Although the court was properly concerned with respondent's mental health issues, we note that those issues existed during the 10 years in which the children resided with respondent. We further note that respondent had sole custody of the children for approximately 4½ years with virtually no contact from petitioner, who was then struggling with her own drug addiction and recovery. There is no evidence that the children were not well cared for by respondent during that 4½-year period. In view of the amount of time that has passed since the court issued its order, we decline to exercise our power to establish a visitation schedule. We therefore modify the order by vacating the supervised visitation and remit the matter to Monroe County Family Court to establish an appropriate visitation schedule. (Appeal from Order of Monroe County Family Court, Miller, J.—Custody.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.