# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**801**

**CAF 14-00341**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ANGELO M. VISCUSO,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

SUSAN M. VISCUSO, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (EMILIO COLAIACOVO OF COUNSEL), FOR RESPONDENT-APPELLANT.

FRANCINE E. MODICA, TONAWANDA, FOR PETITIONER-RESPONDENT.

LEIGH E. ANDERSON, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered December 3, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: These consolidated appeals arise from a custody proceeding pursuant to Family Court Act article 6, in which petitioner father sought sole custody of the parties' daughter. In appeal No. 1, respondent mother appeals from an order that, inter alia, granted the petition and awarded sole custody of the subject child to the father, with specified visitation to the mother. In appeal No. 2, the mother appeals from an order directing her to pay counsel fees to the father's attorney. We affirm the order in each appeal.

In appeal No. 1, the mother contends that the Attorney for the Child (AFC) violated her ethical duty to determine the subject child's position and advocate zealously in support of the child's wishes, because the AFC advocated for a result that was contrary to the child's expressed wishes in the absence of any justification for doing so. We reject that contention. The Rules of the Chief Judge provide that an AFC "must zealously advocate the child's position" and that, "[i]f the child is capable of knowing, voluntary and considered judgment, the [AFC] should be directed by the wishes of the child, even if the [AFC] for the child believes that what the child wants is not in the child's best interests" (22 NYCRR 7.2 [d] [2]; *see Matter of Swinson v Dobson*, 101 AD3d 1686, 1687, *lv denied* 20 NY3d 862). A

contrary rule arises where, as here, "the [AFC] is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child[. In such circumstances, the AFC] would be justified in advocating a position that is contrary to the child's wishes" (22 NYCRR 7.2 [d] [3]; *see generally Matter of Carballeira v Shumway*, 273 AD2d 753, 755-756, *lv denied* 95 NY2d 764). Here, "the evidence supports the court's conclusion that 'to follow [the child's] wishes would be tantamount to severing her relationship with her father, and [that] result would not be in [the child's] best interest[s]' " (*Matter of Marino v Marino,* 90 AD3d 1694, 1696). We conclude that the mother's persistent and pervasive pattern of alienating the child from the father "is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2 [d] [3]), and we conclude that the AFC acted in accordance with her ethical duties.

The mother further contends that Family Court erred in denying her motion to replace the AFC. The court denied the motion in a prior order from which the mother did not appeal, and we therefore do not consider the propriety of the court's denial of the motion (*see generally Hoffman v Hoffman*, 31 AD3d 1125, 1126; *Matter of St. Lawrence County Dept. of Social Servs. v Pratt*, 24 AD3d 1050, 1050, *lv denied* 6 NY3d 713). In any event, even assuming, arguendo, that the order on appeal brings up for review the prior order denying the mother's motion to replace the AFC (*see* CPLR 5501 [a] [1]; *cf. Abasciano v Dandrea*, 83 AD3d 1542, 1544-1545), we note that the court denied the motion on the ground that the mother's motion did not comply with CPLR 2214 (b), and thus the court's remaining discussion was dicta. On appeal, however, the mother confines her contentions to the court's remaining discussion, concerning the propriety of the actions of the AFC. Inasmuch as "no appeal lies from dicta" (*Companion Life Ins. Co. of N.Y. v All State Abstract Corp.*, 35 AD3d 518, 519; *see Matter of Khatib v Liverpool Cent. Sch. Dist.*, 244 AD2d 957, 957), the mother's contentions with respect to her motion to replace the AFC are not before us on this appeal for that reason as well.

Contrary to the mother's further contention, the court's determination to award custody of the subject child to the father is supported by a sound and substantial basis in the record. It is well settled that a " 'concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent' " (*Matter of Amanda B. v Anthony B.*, 13 AD3d 1126, 1127; *see Matter of Avdic v Avdic*, 125 AD3d 1534, 1536; *Marino*, 90 AD3d at 1695). Here, there is a sound and substantial basis in the record for the court's conclusion that the mother interfered with the father's relationship with the child by, inter alia, blatantly and repeatedly violating the court's directive not to discuss the litigation with the child, attempting to instill in the child a fear of the father, and encouraging the child to medicate herself before going to visit the father. We reject the mother's contention that the father's prior

domestic violence toward the mother requires that she have primary custody of the child.  "There is no evidence in the record indicating that the domestic violence was anything other than an isolated incident with no negative repercussions on the child's well-being" (*Matter of Ilona H. [Elton H.]*, 93 AD3d 1165, 1166).  Indeed, we note that the domestic violence occurred before the child was born, and there is no evidence that the father has engaged in any act of domestic violence in the presence of the child.

We reject the mother's contention that the court erred in denying her pretrial request to release certain materials, i.e., the report of a court-appointed psychological expert and the expert's notes.  It is well settled that "the potential for abuse in matrimonial and custody cases is great, and the court has broad discretionary power to limit disclosure and grant protective orders" (*Matter of Worysz v Ratel*, 101 AD3d 893, 894; *see generally Wegman v Wegman*, 37 NY2d 940, 941).  We conclude that the court did not abuse its discretion in denying the mother's request, particularly in light of the mother's repeated violations of the court's orders prohibiting her from disclosing confidential materials.  Moreover, the court denied the request without prejudice to renewal, and thus the mother could have reapplied for release of the materials upon submitting evidence demonstrating that she had actually retained an expert who required access to the report prior to trial.  In any event, any error in declining to release the materials prior to trial is harmless.  The record establishes that the mother introduced the materials in evidence several months before the trial ended, and she therefore had more than ample access to the materials in time to use them at trial.  Furthermore, she had the use of the materials for cross-examination purposes, and thus there was no denial of due process (*see Matter of Patrick H.*, 229 AD2d 682, 683).

The mother's final contention in appeal No. 1 is that the court's temporary order of primary physical custody was improperly entered without a full hearing in the midst of the trial.  That contention is moot based on the court's issuance of the final order of custody (*see Matter of Dench-Layton v Dench-Layton*, 123 AD3d 1350, 1351; *see also Matter of Rodriguez v Feldman*, 126 AD3d 1557, 1558).

In appeal No. 2, the mother contends that the court erred in directing her to pay counsel fees to the father's attorney.  Contrary to the mother's contention, a party seeking an award of attorney's fees need not demonstrate that he or she is unable to pay those fees (*see Griffin v Griffin*, 104 AD3d 1270, 1272; *see generally DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881).  Furthermore, upon our review of the record, including the lengthy delays engendered by, inter alia, the mother's repeated replacement of her attorneys and her lengthy pro se litigation, much of which was unwarranted under the circumstances, we conclude that the court's award of counsel fees was a proper exercise of discretion that is supported by "the equities of the case and the financial circumstances of the parties" (*Popelaski v

*Popelaski*, 22 AD3d 735, 738).

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court