# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**742**
**CAF 15-00345**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF JOYCE S., PETITIONER-APPELLANT,

V                                                  MEMORANDUM AND ORDER

ROBERT W.S., RESPONDENT-RESPONDENT.

---

MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-APPELLANT.

JENNIFER M. LORENZ, ATTORNEY FOR THE CHILD, LANCASTER.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Wyoming County (Michael F. Griffith, A.J.), entered January 22, 2015 in a proceeding pursuant to Family Court Act article 6. The order granted sole custody of the subject child to respondent and supervised visitation to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, which was transferred to the Integrated Domestic Violence Part of Supreme Court (*see* 22 NYCRR 141.4), petitioner mother appeals from an order that, inter alia, awarded custody of the subject child to respondent with supervised visitation to her. Initially, we reject the mother's contention that the court erred in ruling that she is estopped from contending that respondent is not the child's biological father. The estoppel issue was decided in respondent's favor by an order that was affirmed on a prior appeal (*Matter of Joyce S. v Kevin M.*, 132 AD3d 1419, 1420, *lv denied* 26 NY3d 919), and "[t]he doctrine of collateral estoppel precludes a party from relitigating 'an issue which has previously been decided against him [or her] in a proceeding in which he [or she] had a fair opportunity to fully litigate the point' " (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455; *see Pinnacle Consultants v Leucadia Natl. Corp.*, 94 NY2d 426, 431-432).

We reject the mother's contention that the court erred in awarding respondent custody of the child. "The court's determination following a hearing that the best interests of the child would be served by such an award is entitled to great deference . . . , particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses . . . We will not disturb that determination inasmuch as the record establishes that it is the product of the court's 'careful weighing of [the] appropriate factors' . . . , and it has a sound and substantial basis

in the record" (*Matter of Thillman v Mayer*, 85 AD3d 1624, 1625; *see Matter of Walker v Carroll*, 140 AD3d 1669, 1669; *see generally Eschbach v Eschbach*, 56 NY2d 167, 171).

Finally, contrary to the mother's contention, we conclude that the "[c]ourt's determination to impose supervised visitation is supported by the requisite sound and substantial basis in the record" (*Matter of Rice v Cole*, 125 AD3d 1466, 1467, *lv denied* 26 NY3d 909 [internal quotation marks omitted]; *see Matter of Kirkpatrick v Kirkpatrick*, 137 AD3d 1695, 1696; *see generally Matter of Van Court v Wadsworth*, 122 AD3d 1339, 1340, *lv denied* 24 NY3d 916), especially considering, inter alia, the mother's "continued attempts to undermine [respondent's] ability to . . . maintain a relationship with the child" (*Matter of Goldfarb v Szabo*, 130 AD3d 728, 729, *lv denied* 26 NY3d 909, *cert denied* ___ US ___, 136 S Ct 1389).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court