Matter of Talbot v Edick (2018 NY Slip Op 01758)





Matter of Talbot v Edick


2018 NY Slip Op 01758


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


253 CAF 16-01941

[*1]IN THE MATTER OF JUSTIN S. TALBOT, PETITIONER-RESPONDENT,
v
CRYSTAL EDICK, RESPONDENT-APPELLANT. 






JOHN A. HERBOWY, ROME, FOR RESPONDENT-APPELLANT. 
MICHELLE K. FASSETT, HERKIMER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Herkimer County (John J. Brennan, J.), entered July 22, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that awarded petitioner father sole custody of the parties' child, with supervised visitation with the mother. We affirm. The mother does not dispute that an award of sole custody is appropriate, but she contends that Family Court should have awarded sole custody to her rather than to the father. We reject that contention. In making a custody determination, "the court must consider all factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of each parent to provide for the child's emotional and intellectual development and the wishes of the child" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). Here, we will not disturb the court's determination "inasmuch as the record establishes that it is the product of the court's careful weighing of [the] appropriate factors' . . . , and it has a sound and substantial basis in the record" (Matter of Thillman v Mayer, 85 AD3d 1624, 1625 [4th Dept 2011]; see Matter of Joyce S. v Robert W.S., 142 AD3d 1343, 1344 [4th Dept 2016], lv denied 29 NY3d 906 [2017]). Furthermore, we reject the mother's contention that the court erred in imposing supervised visitation, inasmuch as that determination is also supported by the requisite sound and substantial basis in the record
(see Joyce S., 142 AD3d at 1344-1345).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court