Matter of Clark v Kittles (2018 NY Slip Op 02959)





Matter of Clark v Kittles


2018 NY Slip Op 02959


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


374 CAF 17-00678

[*1]IN THE MATTER OF CLEAVON CLARK, III, PETITIONER-RESPONDENT,
v
MONICA D. KITTLES, RESPONDENT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR PETITIONER-RESPONDENT. 
MAROUN G. AJAKA, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered March 2, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this custody proceeding pursuant to Family Court Act article 6, respondent mother appeals from a "superseding custody order" that modified a prior order of joint custody by, inter alia, awarding petitioner father sole custody and primary physical residence of the parties' son, and reducing the mother's parenting time with the child to six hours per week. As an initial matter, we reject the mother's contention that Family Court erred in refusing to consider her motion to dismiss the father's modification petition. Although the court "has discretion to overlook late or defective service of a motion where the nonmoving party is not prejudiced" (Matter of Noble v Paris, 143 AD3d 1288, 1288 [4th Dept 2016], lv denied 29 NY3d 904 [2017] [internal quotation marks omitted]), the court is not required to do so (see generally Kolnacki v State of New York, 8 NY3d 277, 279 [2007], rearg denied 8 NY3d 994 [2007]; Matter of Viscuso v Viscuso, 129 AD3d 1679, 1681 [4th Dept 2015]). Where, as here, the mother had several months within which to make a proper motion on notice but failed to do so (see § 165 [a]; CPLR 2214), we conclude that the court did not abuse its discretion in refusing to entertain the oral motion of the mother's attorney immediately prior to the commencement of the trial.
We reject the mother's further contention that the father failed to meet his initial burden of establishing a change in circumstances. Specifically, the father established the mother's unwillingness to communicate with the father and the paternal grandmother concerning the child, as well as the mother's virtual absence from the child's life for almost five months. In our view, those facts constitute "a sufficient change in circumstances to warrant an inquiry into the best interests of the child[ ]" (Matter of DeJesus v Gonzalez, 136 AD3d 1358, 1359 [4th Dept 2016], lv denied 27 NY3d 906 [2016]; see Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 901 [3d Dept 2017], lv denied 30 NY3d 905 [2017]).
Contrary to the mother's contention that the court erred in awarding sole custody of the child to the father, we conclude that the court's determination is based on a "careful weighing of [the] appropriate factors . . . and . . . has a sound and substantial basis in the record" (Matter of McLeod v McLeod, 59 AD3d 1011, 1011 [4th Dept 2009]), and we therefore see no reason to disturb it (see Matter of Joyce S. v Robert W.S., 142 AD3d 1343, 1344 [4th Dept 2016], lv denied [*2]29 NY3d 906 [2017]).
Finally, we have examined the remaining contention of the mother and the Attorney for the Child, and we conclude that it does not require modification of the order.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court