Matter of Chatt v Allen (2020 NY Slip Op 05383)





Matter of Chatt v Allen


2020 NY Slip Op 05383


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


778 CAF 19-00287

[*1]IN THE MATTER OF KIMBERLY CHATT, PETITIONER-APPELLANT,
v
JUSTIN T. ALLEN, RESPONDENT-RESPONDENT. 






PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-APPELLANT.
DIMATTEO & ROACH, ATTORNEYS AT LAW, WARSAW (DAVID M. ROACH OF COUNSEL), FOR RESPONDENT-RESPONDENT.
ALISON BATES, VICTOR, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered January 17, 2019 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, ordered that custody of the subject child shall remain with respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner mother appeals from an order that, inter alia, maintained custody of the subject child with respondent father. We affirm. Initially, we note that the parties do not dispute that the mother demonstrated a sufficient change in circumstances to warrant an inquiry into whether modification of the existing custody arrangement would be in the child's best interests (see Matter of Nordee v Nordee, 170 AD3d 1636, 1636-1637 [4th Dept 2019], lv denied 33 NY3d 909 [2019]; see generally Matter of DeVore v O'Harra-Gardner, 177 AD3d 1264, 1265 [4th Dept 2019]). Nevertheless, the determination of Family Court, following a hearing, that the best interests of the child would be served by an award of sole custody to the father is entitled to great deference (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]), particularly where, as here, the determination is based in part upon the court's " 'superior ability to evaluate the character and credibility of the witnesses' " with respect to, inter alia, allegations regarding domestic violence (Matter of Joyce S. v Robert W.S., 142 AD3d 1343, 1344 [4th Dept 2016], lv denied 29 NY3d 906 [2017]). Furthermore, contrary to the mother's contention, the record establishes that the court's determination has a sound and substantial basis in the record (see Matter of Clark v Kittles, 160 AD3d 1420,
1421 [4th Dept 2018], lv denied 31 NY3d 911 [2018]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court