People v Smalls (2021 NY Slip Op 00685)





People v Smalls


2021 NY Slip Op 00685


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


119 KA 18-00942

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARKESE SMALLS, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (James W. McCarthy, J.), rendered March 13, 2017. The judgment convicted defendant upon a jury verdict of reckless assault of a child and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of reckless assault of a child (Penal Law § 120.02) and endangering the welfare of a child (§ 260.10 [1]). The case arose from a physical assault upon defendant's three-month-old baby, which resulted in severe, permanent brain injuries to the baby. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that County Court (Anthony F. Aloi, J.) erred in refusing to suppress his video-recorded statements to the police. There is nothing in the record suggesting that the police employed tactics "so fundamentally unfair as to deny due process" or that "could induce a false confession" (People v Bradberry, 131 AD3d 800, 802 [4th Dept 2015], lv denied 26 NY3d 1086 [2015] [internal quotation marks omitted]; see generally People v Tarsia, 50 NY2d 1, 11 [1980]). We reject defendant's further contention that Supreme Court (James W. McCarthy, J.) violated the rule of completeness by permitting the People to play only excerpts of the video recording during their case in chief. "The rule of completeness provides that a defendant is entitled to have the entirety of an admission, statement or recorded conversation, including both inculpatory and exculpatory portions, admitted into evidence, in order to prevent the distortion that may result from admitting part of a statement out of context" (People v Horton, 181 AD3d 986, 993 [3d Dept 2020], lv denied 35 NY3d 1045 [2020]; see People v Dlugash, 41 NY2d 725, 736 [1977]; People v Gallo, 12 NY2d 12, 15 [1962]). Here, the rule was not violated because the entire statement was admitted into evidence. Thus, "defendant could have readily played any portion of the recordings for the jury on cross-examination or during his case-in-chief" (People v Brinkley, 174 AD3d 1159, 1165 n 1 [3d Dept 2019], lv denied 34 NY3d 979 [2019]).
Further, we reject defendant's contention that the court erred in summarily denying his motion to set aside the verdict pursuant to CPL 330.30 (3). To prevail on that motion, defendant was required to prove that " 'there is newly discovered evidence: (1) which will probably change the result if a new trial is granted; (2) which was discovered since the trial; (3) which could not have been discovered prior to trial; (4) which is material; (5) which is not cumulative; and, (6) which does not merely impeach or contradict the record evidence' " (People v Madison, 106 AD3d 1490, 1492 [4th Dept 2013]; see People v Salemi, 309 NY 208, 215-216 [1955], cert denied 350 US 950 [1956]). Defendant's motion was based entirely on affidavits from his [*2]brother and sister-in-law, both of whom averred that, in the afternoon of February 22, 2016, they visited defendant's home. We note that the baby was allegedly assaulted on February 21 and was taken to the hospital in the evening of February 22. The affiants stated that, when they arrived at the home, defendant was at work, but the baby was home with the baby's mother (i.e., defendant's spouse) and the baby's maternal grandmother. There was something wrong with the baby, who lay silent and motionless, and the grandmother stated that she had been telling the mother "for days" to take the baby to the hospital. Defendant failed to show that the allegedly new evidence could not have been discovered earlier in the exercise of reasonable diligence (see People v Robertson, 302 AD2d 956, 958 [4th Dept 2003], lv denied 100 NY2d 542 [2003]; cf. Madison, 106 AD3d at 1493-1494), particularly given the affiants' close familial relationship with defendant. Moreover, the statements attributed to the grandmother were "inadmissible hearsay and thus did not 'create a probability that . . . the verdict would have been more favorable to the defendant' " (Robertson, 302 AD2d at 958, quoting CPL 330.30 [3]).
Finally, the sentence is not unduly harsh or severe.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court