Matter of Vega v Delgado (2021 NY Slip Op 03956)





Matter of Vega v Delgado


2021 NY Slip Op 03956


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


481 CAF 19-02049

[*1]IN THE MATTER OF VANESSA VEGA, PETITIONER-APPELLANT,
v
IVAN DELGADO, RESPONDENT-RESPONDENT. 






THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR PETITIONER-APPELLANT. 
MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR RESPONDENT-RESPONDENT.
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered October 17, 2019 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole custody and primary physical residency of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, inter alia, awarded sole custody and primary physical residency of the subject child to respondent father, with visitation to the mother. The parties are the parents of a child born in 2009. In 2017, Family Court issued an order on the mother's default granting the father custody of the child. The mother thereafter sought to vacate the default order and, when that application was denied, she moved for leave to renew that application. On appeal, we reversed the order denying her application to vacate the default order and remitted the matter to Family Court, concluding that the mother was entitled to a traverse hearing to determine whether she was properly served with the father's petition for custody (Matter of Delgado v Vega, 171 AD3d 1457, 1458 [4th Dept 2019]). During the pendency of that appeal, the parties filed multiple violation petitions against each other. On remittal, the parties agreed to withdraw all prior petitions and proceed to an initial custody determination.
We conclude that, contrary to the mother's contention, the Attorney for the Child (AFC) did not improperly substitute her judgment for that of the child by advocating a position that was contrary to the child's express wishes. An AFC "must zealously advocate the child's position" (22 NYCRR 7.2 [d]) and, "[i]f the child is capable of knowing, voluntary and considered judgment, the [AFC] should be directed by the wishes of the child, even if the [AFC] believes that what the child wants is not in the child's best interests" (22 NYCRR 7.2 [d] [2]; see Matter of Viscuso v Viscuso, 129 AD3d 1679, 1680 [4th Dept 2015]). Where, however, the AFC "is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child, the [AFC is] justified in advocating a position that is contrary to the child's wishes" (22 NYCRR 7.2 [d] [3]; see Viscuso, 129 AD3d at 1680; see generally Matter of Swinson v Dobson, 101 AD3d 1686, 1687 [4th Dept 2012], lv denied 20 NY3d 862 [2013]).
Here, the record supports the determination that "the mother's persistent and pervasive pattern of alienating the child from the father 'is likely to result in a substantial risk of imminent, serious harm to the child' " (Viscuso, 129 AD3d at 1680-1681, quoting 22 NYCRR 7.2 [d] [3]; [*2]see Matter of Isobella A. [Anna W.], 136 AD3d 1317, 1320 [4th Dept 2016]). We thus conclude that the AFC acted in accordance with her ethical duties by informing the court of the child's wishes and then advocating for a result different from the child's position (see Matter of Muriel v Muriel, 179 AD3d 1529, 1530 [4th Dept 2020], lv denied 35 NY3d 908 [2020]; Viscuso, 129 AD3d at 1681).
We reject the mother's additional contention that there is not a sound and substantial basis in the record to support the court's determination that it was in the child's best interests to award the father sole custody and primary physical residence. The record establishes that the court "carefully weighed the appropriate factors, and the determination of the court, 'which [was] in the best position to evaluate the character and credibility of the witnesses, must be accorded great weight' " (Wideman v Wideman, 38 AD3d 1318, 1319 [4th Dept 2007]; see Hendrickson v Hendrickson, 147 AD3d 1522, 1523 [4th Dept 2017]; see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court