Matter of Conrad v Conrad (2022 NY Slip Op 07341)

Matter of Conrad v Conrad

2022 NY Slip Op 07341

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

788 CA 21-01455

[*1]IN THE MATTER OF RANDOLPH CONRAD, PETITIONER-APPELLANT,
v
SUSAN CONRAD, RESPONDENT-RESPONDENT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-APPELLANT.
LISA DIPOALA HABER, SYRACUSE, FOR RESPONDENT-RESPONDENT.
ARLENE BRADSHAW, SYRACUSE, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Supreme Court, Onondaga County (Rory A. McMahon, J.), entered May 25, 2021. The order, among other things, adjudged that respondent have sole legal and physical custody of the subject child and set forth a schedule for petitioner's parenting time. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking from the third ordering paragraph the phrase "Sunday at 4:00 PM" and substituting therefor the phrase "the start of school on Monday," striking from the third ordering paragraph the phrase "Mother shall pick the child up at Father's residence on Sunday at the end of Father's parenting time," and striking from the fifth ordering paragraph the phrase "one week of interrupted parenting time during the summer and shall provide notification to Mother of the week he is requesting" and substituting therefor the phrase "four weeks of uninterrupted parenting time during the summer, with no more than two consecutive weeks at a time, and shall provide notification to Mother of the weeks he is requesting" and as modified the order is affirmed without costs.
Memorandum: In this Family Court Act article 6 proceeding, petitioner father appeals from an order that, inter alia, modified the parties' custody and visitation arrangement by awarding respondent mother sole legal and primary physical custody of the child and reducing the father's parenting time with the child.
The father waived his contention that the mother failed to establish the requisite change in circumstances warranting an inquiry into the best interests of the child inasmuch as he alleged in his own modification petition that there had been such a change in circumstances (see Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]; see Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]). Contrary to the father's related contention, we conclude that "there is a sound and substantial basis in the record to support [Supreme Court's] determination that it was in the child's best interests to award [sole custody] to the mother" (Rice, 167 AD3d at 1530 [internal quotation marks omitted]; see Matter of Vaccaro v Vaccaro, 178 AD3d 1410, 1411 [4th Dept 2019]; Matter of Stilson v Stilson, 93 AD3d 1222, 1223 [4th Dept 2012]).
We agree with the father, however, that the court abused its discretion in reducing his parenting time with the child (see generally Matter of Shaffer v Woodworth, 175 AD3d 1803, 1804 [4th Dept 2019]). "Generally, a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Matter of Dubuque v Bremiller, 79 AD3d 1743, 1744 [4th Dept 2010]). Here, we conclude that the evidence does not support the court's determination that reducing the father's [*2]parenting time was in the child's best interests (see Matter of Rosenkrans v Rosenkrans, 154 AD3d 1123, 1126 [3d Dept 2017]; Matter of Knox v Romano, 137 AD3d 1530, 1532-1533 [3d Dept 2016]; Matter of Oliver v Oliver, 284 AD2d 934, 935 [4th Dept 2001]). Pursuant to the initial arrangement, the parties shared joint legal and physical custody of the child. The father had parenting time every day after school and overnights that alternated between Thursday night to Friday night and Thursday night to Monday morning every other week. That schedule was to remain in place until the child started kindergarten, at which time the parties would agree upon an appropriate parenting schedule, which they were unable to do. During the course of this proceeding, the court issued a temporary order granting the father parenting time with the child every other weekend from Thursday after school to Monday morning, when the father would drop the child off at school. By arrangement of the parties, the father was also picking the child up from school at 3:30 p.m. and dropping the child off to the mother at 5:00 p.m. every weekday. The father, the child's former therapist, and the child's principal all testified that the child was thriving under that parenting schedule. The child's therapist also testified that the child was deeply affected when his time with the father was reduced, prompting the parents to suspend the child's therapy in order to provide the child with additional time with the father. In addition, the child's therapist opined that the child would be negatively impacted if the father's parenting time was limited, as did the attorney for the child. We thus conclude that the child's best interests will be served by extending the father's weekend parenting time until Monday morning and granting him four weeks of parenting time during the summer, with no more than two consecutive weeks at a time (see generally Matter of Manioci v Schreiber, — AD3d &mdash, 2022 NY Slip Op 06609 [4th Dept 2022]; Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1450 [4th Dept 2007]; Oliver,
284 AD2d at 935). We therefore modify the order accordingly.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court