Matter of Thompson v Thompson (2023 NY Slip Op 02202)

Matter of Thompson v Thompson

2023 NY Slip Op 02202

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

122 CAF 21-01328

[*1]IN THE MATTER OF DONALD THOMPSON, PETITIONER-RESPONDENT,
v
CARISSA THOMPSON, RESPONDENT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS R. BABILON OF COUNSEL), FOR RESPONDENT-APPELLANT.
KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR PETITIONER-RESPONDENT. 
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered July 14, 2021 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole legal and primary physical custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part of the third ordering paragraph directing that supervised parenting time is awarded to respondent "as the parties mutually agree" and as modified the order is affirmed without costs and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, awarded petitioner father sole legal and primary physical custody of the subject children, with supervised visitation to the mother "as the parties mutually agree."
Initially, the father and the attorney for the children (AFC) contend that the appeal should be dismissed due to the mother's improper service of the notice of appeal (see CPLR 2103 [a]). Inasmuch as neither the father nor the AFC were prejudiced as a result of the mother's mistake, we exercise our discretion to disregard the irregularity (see CPLR 2001, 5520 [a]; M Entertainment, Inc. v Leydier, 71 AD3d 517, 518 [1st Dept 2010]; see generally Ruffin v Lion Corp., 15 NY3d 578, 582-583 [2010]; Matter of Conti v Clyne, 120 AD3d 884, 886 [3d Dept 2014], lv denied 23 NY3d 908 [2014]).
We reject the mother's contention that Family Court erred in admitting into evidence two exhibits containing screenshots of text messages between the mother and two of the subject children. Here, "the identity of the senders and receivers of the messages was sufficiently authenticated by the content of the text messages" (People v Mencel, 206 AD3d 1550, 1552 [4th Dept 2022], lv denied 38 NY3d 1152 [2022]; see generally Matter of Byler v Byler, 207 AD3d 1072, 1073-1074 [4th Dept 2022], lv denied 39 NY3d 901 [2022]; Matter of Colby II. [Sheba II.], 145 AD3d 1271, 1272-1273 [3d Dept 2016]), as well as by the maternal grandmother's testimony that she observed one of the subject children using his phone at the times the text messages were sent. Further, "there was no evidence . . . that any omitted material was necessary for explanatory purposes" (People v Saylor, 173 AD3d 1489, 1491 n 2 [3d Dept 2019]), and the mother was free to introduce other text messages between herself and the child that would have resolved any purported distortion caused by admitting in evidence only portions of the text conversation (see People v Smalls, 191 AD3d 1258, 1259 [4th Dept 2021], lv denied 36 NY3d 1124 [2021]).
We also reject the mother's contention that the AFC improperly substituted her judgment [*2]for that of the children. Pursuant to 22 NYCRR 7.2 (d), an attorney for the child "must zealously advocate the child's position." However, an attorney for the child is entitled to advocate a position that is contrary to a child's wishes when the attorney is "convinced . . . that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2 [d] [3]). In circumstances when an attorney for the child advocates for a position that is contrary to the child's wishes, the attorney is still required to "inform the court of the child's articulated wishes if the child wants the attorney to do so, notwithstanding the attorney's position" (22 NYCRR 7.2 [d] [3]). Here, the children's wishes were made known to the court during the Lincoln hearing. Further, although the AFC substituted her judgment for that of the children, she was entitled to do so because the record establishes that the mother engaged in a pattern of alienating the children from the father, which was likely to result in a substantial risk of imminent, serious harm to the children (see Matter of Vega v Delgado, 195 AD3d 1555, 1556 [4th Dept 2021]; Matter of Grabowski v Smith, 182 AD3d 1002, 1004 [4th Dept 2020], lv denied 35 NY3d 910 [2020]; Matter of Viscuso v Viscuso, 129 AD3d 1679, 1680-1681 [4th Dept 2015]).
The mother's contention that the court erred in admitting into evidence a recorded telephone conversation between two non-party witnesses because it consisted of inadmissible hearsay is unpreserved inasmuch as the mother failed to object to the admission of the recording on that ground (see Matter of Norah T. [Norman T.], 165 AD3d 1644, 1645 [4th Dept 2018], lv denied 32 NY3d 915 [2019]; Matter of Isobella A. [Anna W.], 136 AD3d 1317, 1319 [4th Dept 2016]).
Contrary to the mother's contention, we conclude that "there is a sound and substantial basis in the record to support [the court's] determination that it was in the child[ren's] best interests to award [sole custody] to the [father]" (Matter of Conrad v Conrad, 211 AD3d 1528, 1529 [4th Dept 2022] [internal quotation marks omitted]; see Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]). Further, there is a sound and substantial basis in the record supporting the determination to impose supervised visitation for the mother inasmuch as the record establishes that the mother frequently disparaged the father to the children (see Matter of Joyce S. v Robert W.S., 142 AD3d 1343, 1344-1345 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; Matter of Guillermo v Agramonte, 137 AD3d 1767, 1769 [4th Dept 2016]), exposed the children to domestic violence (see generally Matter of Carin R. v Seth R., 196 AD3d 776, 778 [3d Dept 2021]; Matter of Anaya v Hundley, 12 AD3d 594, 595 [2d Dept 2004]), unwittingly allowed pornographic images of herself and her partner to be sent to the children's mobile devices, and failed to maintain a stable home environment for a period of several years (see generally Matter of Edmonds v Lewis, 175 AD3d 1040, 1042 [4th Dept 2019], lv denied 34 NY3d 909 [2020]).
Finally, we agree with the mother that the court should have set a visitation schedule rather than ordering visitation as agreed upon by the parties "inasmuch as the record demonstrates that an order directing supervised visitation as mutually agreed upon by the parties would be untenable under the circumstances" (id. at 1043; see generally Matter of Kelley v Fifield, 159 AD3d 1612, 1613-1614 [4th Dept 2018]). We therefore modify the order accordingly and remit the matter to Family Court to fashion an appropriate schedule for supervised visitation in accordance with the best interests of the children.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court