Matter of Wilson v Cheves (2025 NY Slip Op 04425)

Matter of Wilson v Cheves

2025 NY Slip Op 04425

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., SMITH, OGDEN, DELCONTE, AND KEANE, JJ.

587 CAF 24-01521

[*1]IN THE MATTER OF DERICA E. WILSON, PETITIONER-RESPONDENT-APPELLANT,
v
JERRY L. CHEVES, JR., RESPONDENT-PETITIONER-RESPONDENT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT. 
JEFFREY L. TURNER, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (John I. Menard, R.), entered August 30, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded primary residency of the subject child to respondent-petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent mother appeals from an order that, inter alia, denied the mother's petition for modification of the parties' prior custody order and granted respondent-petitioner father's amended petition for modification of that order by awarding him sole legal custody and primary residency of the subject child. We affirm.
Initially, we note that the parties do not dispute that there is a sufficient change in circumstances to warrant an inquiry into whether modification of the existing custody arrangement would be in the child's best interests inasmuch as the child has attained the age to attend school (see Matter of Biagini v Parent, 124 AD3d 1368, 1368-1369 [4th Dept 2015]; see also Matter of Verne v Hamilton, 191 AD3d 1433, 1433-1434 [4th Dept 2021]). As a result, the only issue before this Court is whether Family Court properly "determined that the best interests of the child would be served by a change in the custody and visitation arrangement" (Matter of Castle v Barnes, 221 AD3d 1562, 1562 [4th Dept 2023], lv denied 41 NY3d 901 [2024]; see Matter of Ridall v Jones, 230 AD3d 1548, 1549 [4th Dept 2024]).
The mother contends that the court's determination is not in the child's best interests and that she should be awarded sole custody and primary residency of the child. We reject that contention. "[A] court's determination regarding custody . . . , based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (Ridall, 230 AD3d at 1549 [internal quotation marks omitted]; see Matter of Bonner v Bonner [appeal No. 2], 225 AD3d 1301, 1302 [4th Dept 2024], lv denied 42 NY3d 901 [2024]). Here, the record establishes that the mother interfered with the child's kindergarten registration by withdrawing the child from the father's school district and registering the child in her school district, despite the parties' prior agreement that the child would attend school in the father's district (see Matter of Warren v Miller, 132 AD3d 1352, 1354 [4th Dept 2015]; see also Matter of Graffagnino v Esposito, 223 AD3d 805, 807-808 [2d Dept 2024]; Matter of Cadet v Lamour, 86 AD3d 538, 539 [2d Dept 2011]). The record also reflects that at the time of the hearing, the mother had been without an operational vehicle for almost one year, causing the father to bear the burden of all of the child's transportation for a significant period of time.
Based on our review of the record, we conclude that there is a sound and substantial basis in the record for the court's determination to award sole custody and primary physical residency to the father, with extensive visitation to the mother (see Matter of Williams v Grau, 230 AD3d 1539, 1540 [4th Dept 2024]; Matter of Vega v Delgado, 195 AD3d 1555, 1556 [4th Dept 2021]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court