■ In the Matter of DEAN W., Appellant, v KARINA McK., Respondent. [993 NYS2d 705]—

Order, Supreme Court, Bronx County (Diane Kiesel, J.), entered on or about March 18, 2013, which, inter alia, modified a joint custody order and awarded sole custody of the parties' child to respondent mother, unanimously affirmed, without costs.

The hearing evidence showing that since shortly after the

entry in June 2009 of a joint custody order the parties have been unable to get along, frequently engaging in intense and even violent altercations, at times in the presence of their child, establishes that there has been a change of circumstances and modification of the joint custody order is required (*see Matter of Santiago v Halbal*, 88 AD3d 616 [1st Dept 2011]).

The determination that it is in the best interests of the child that sole custody be awarded to respondent has a sound and substantial basis in the record (*see Lubit v Lubit*, 65 AD3d 954, 955 [1st Dept 2009], *lv denied* 13 NY3d 716 [2010], *cert denied* 560 US 940 [2010]). The evidence demonstrates that respondent has long been almost solely responsible for the child's education and healthcare and that the child is healthy and doing very well in school. Respondent is also much more capable than petitioner of meeting the child's financial needs.

Petitioner contends that the court erred in rejecting the forensic psychologist's findings that respondent was an angry person and that he was the better parent. However, the court was not required to accept the expert's findings (*Edgerly v Moore*, 232 AD2d 214 [1st Dept 1996]). While the expert based his findings on a few hours of observation of the parties, the court has had extensive contact with the parties in various proceedings over the last several years. Moreover, the court found respondent's testimony that both parties were at fault in the altercations more credible than petitioner's testimony that respondent always attacked him without cause or provocation, and these credibility determinations are entitled to great deference (*Matter of Mildred S.G. v Mark G.*, 62 AD3d 460 [1st Dept 2009]). Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.