■ In the Matter of ALY T., Appellant, v FRANCISCO B., Respondent. [45 NYS3d 34]—

Order, Family Court, Bronx County (Lauren Norton Lerner, Ref.), entered on or about November 18, 2015, which denied and dismissed petitioner mother's petition for modification of a final order of custody and parenting time, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs, to the extent of finding that there has been a change of circumstances, and remanding the matter for further proceedings to address the mother's request for modification of the custody order to permit the parties to travel during vacation periods with the children, including by providing for both parents to have summer vacation time with the children.

Although petitioner's request to travel with the children to the Dominican Republic, during the period of December 24, 2015 to January 6, 2016, is now moot, the important issue regarding vacation time will likely arise in the future and therefore should be addressed (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]).

Furthermore, the mother demonstrated a sufficient change in circumstances requiring a modification of the custody order in the children's best interests in that the parties' relationship has continued to deteriorate, and they have been unable to resolve the mother's reasonable requests to travel with the children to the Dominican Republic to visit her family there, and for extended summer vacation time with the children (*Mat-*

*ter of Gaudette v Gaudette*, 262 AD2d 804, 805 [3d Dept 1999], *lv denied* 94 NY2d 790 [1999]). In addition, both the Family Court Judge who referred the custody trial to a Referee and the Referee stated on the record (in 2012 and 2013, respectively) that the mother's request that the father be directed to cooperate to obtain passports for the children so that she could take them to visit her extended family in the Dominican Republic (July 25, 2012 tr at 16; Jan. 7, 2013 tr at 20) would be addressed before the close of the custody trial. Neither the custody trial transcripts nor the custody fact-finding determination issued on July 31, 2014 were included with the record on this appeal. However, it does not appear that the Family Court ever addressed the mother's request. The father has stated, on the record and in his opposition to the mother's motion, that he is opposed to the mother traveling with the children because he fears that she may not return. Under these circumstances, it was improper not to address the mother's request and the father's opposition, as it will clearly continue to be a source of conflict between the parties, which is not in the children's best interests.

The current custody order fails to address summer vacation time for petitioner, the custodial parent, and does not provide sufficient time during other school holiday periods to travel with the children, effectively depriving her of the opportunity to vacation with her children and failing to properly consider the importance of the children's relationship with their mother and her extended family (*see Matter of Felty v Felty*, 108 AD3d 705, 708-709 [2d Dept 2013]). Accordingly, it appears that modification is necessary to address appropriate vacation time for both parties.

Further, to the extent the custody order provides for potentially overlapping parenting time during school breaks and on specific holidays, modification is necessary to resolve any conflicts that may arise under those circumstances (*see e.g. Matter of Grunwald v Grunwald*, 108 AD3d 537 [2d Dept 2013]). Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.