Matter of Johanna Del C.T. v Gregorio A.L. (2019 NY Slip Op 08622)





Matter of Johanna Del C.T. v Gregorio A.L.


2019 NY Slip Op 08622


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


10456

[*1] In re Johanna Del C.T., Petitioner-Respondent,
v
Gregorio A.L., Respondent-Appellant.


Marion C. Perry, Brooklyn, for appellant.
James E. Iniguez & Associates, PPLC, New York (Ilana Hochman of counsel), for respondent.
Diaz & Moskowitz, PLLC, New York (Hani Moskowitz of counsel), attorney for the child.



Order, Family Court, New York County (Referee Marva A. Burnett), entered on or about April 26, 2018, which, after a hearing, granted petitioner mother's application to modify a prior order of custody to grant the mother sole legal custody of the child, with alternate weekend visitation to respondent father, unanimously modified, on the law, to remand the matter for further proceedings on visitation in accordance with this order and to include a provision directing the mother to inform the father of all major decisions with respect to the child, and otherwise affirmed, without costs.
The mother provided sufficient evidence that a breakdown in the parties' communication constituted a change in circumstances since their divorce (Matter of Moore v Gonzalez, 134 AD3d 718, 720 [2d Dept 2015]). The determination that it is in the best interests of the child that sole custody be awarded to the mother has a sound and substantial basis in the record (see Lubit v Lubit, 65 AD3d 954, 955 [1st Dept 2009], lv denied 13 NY3d 716 [2010], cert denied 560 US 940 [2010]). The evidence demonstrates that the mother has been responsible for major decisions with respect to the child, with little input or interest from the father (see Matter of Dean W. v Karina McK., 121 AD3d 440, 441 [1st Dept 2014]).
With respect to the visitation schedule set forth by the Family Court, we agree with the father that the matter should be remanded for further proceedings on the visitation schedule, to address, inter alia, holidays and vacations (see Matter of Aly T. v Francisco B., 146 AD3d 425, 426 [1st Dept 2017]). In light of evidence that the mother inappropriately depended upon the child to communicate with the father, upon remand, the Family Court must also include a provision directing the mother, as custodial parent, to inform the father of any major decision she makes concerning the child (Moore, 134 AD3d at 719-720).
The father contends that the Family Court erred in dismissing his petition alleging that the mother violated a temporary order of visitation. The issue, however, is moot, since
the final custody order superseded the temporary order for which the violation petition was filed (see Matter of Grace E.-J. v Robert J.-R., 158 AD3d 509, 509 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK