Matter of Leah V. v Jose U. (2021 NY Slip Op 03505)





Matter of Leah V. v Jose U.


2021 NY Slip Op 03505


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

531591
[*1]In the Matter of Leah V., Respondent,
v
Jose U., Appellant. (Proceeding No. 1.) In the Matter of Jose U., Appellant,

Calendar Date:April 29, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Todd G. Monahan, Schenectady, for appellant.
Veronica Reed, Schenectady, for respondent.
Karen R. Crandall, Schenectady, attorney for the children.



Garry, P.J.
Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered May 19, 2020, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.
Leah V. (hereinafter the mother) and Jose U. (hereinafter the father) are the parents of the two subject children (born in 2011 and 2013). A 2016 order granted the mother sole legal and primary physical custody of the children and provided the father — who was then serving a prison sentence of 2 to 6 years for violating an order of protection in favor of the mother — a weekly phone call and visits with the children twice a year. Based upon his release from incarceration in 2018, the father brought a modification petition seeking, among other things, joint legal custody of the children.[FN1] The parties agreed to a schedule, reduced to an order on consent, for the children to be with the father every other weekend. Following a hearing on the sole issue of legal custody, Family Court dismissed the father's petition, prompting this appeal.
A party seeking to modify a prior order of custody must show "that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Richard GG. v M. Carolyn GG., 169 AD3d 1169, 1170 [2019] [internal quotation marks and citations omitted]). Here, Family Court did not address whether the father demonstrated a change in circumstances. Although release from incarceration is generally not enough on its own, such release combined with a prior order that bases custody or visitation on a condition no longer in existence may warrant a finding of a change in circumstances (see Matter of Michael U. v Barbara U., 189 AD3d 1909, 1910 [2020]; compare Matter of Beers v Beers, 163 AD3d 1197, 1198 [2018]; Matter of Michael YY. v Michell ZZ., 149 AD3d 1284, 1286 [2017]). Upon our review of the record, including that the prior order was based on the father's incarceration and limited his contact with the children due to that circumstance, we find such a change.
However, considering the appropriate factors, including the history of domestic violence between the parties, the record contains a sound and substantial basis to support Family Court's determination. The father did not meet his burden of proving that a modification would be in the children's best interests (see Matter of Tracey L. v Corey M., 151 AD3d 1209, 1211 [2017]; Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1014-1015 [2015]; see also Matter of Hrostowski v Micha, 132 AD3d 1103, 1105-1106 [2015]).
Finally, the father failed to establish that he was denied meaningful representation. Although the father was represented by multiple individuals during the course of the proceedings, there was no showing of errors that would have led to a different outcome on the limited issue of [*2]joint custody. It instead appears, upon a review of the record, that counsel made reasoned arguments and appropriate objections on the father's behalf (see Matter of Hurlbert v Behr, 70 AD3d 1266, 1267 [2010], lv dismissed 15 NY3d 943 [2010]).
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The mother previously filed a modification petition and the father subsequently filed a violation petition, neither of which are at issue on this appeal.