Matter of Carin R. v Seth R. (2021 NY Slip Op 04173)





Matter of Carin R. v Seth R.


2021 NY Slip Op 04173


Decided on July 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 1, 2021

531332
[*1]In the Matter of Carin R., Respondent,
v
Seth R., Appellant. (And Another Related Proceeding.)

Calendar Date:May 25, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Cliff Gordon, Monticello, for appellant.
Ivy M. Schildkraut, Rock Hill, for respondent.
Marcia Heller, Rock Hill, attorney for the child.



Clark, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered February 13, 2020, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2012). In February 2019, based upon allegations of domestic violence, the mother commenced two proceedings, one pursuant to Family Ct Act article 6 seeking "full custody" of the child, and the other pursuant to Family Ct Act article 8 alleging that the father had committed the family offense of assault in the second or third degree. Following a fact-finding hearing and a Lincoln hearing, Family Court granted the mother sole legal and primary physical custody of the child and directed that the father have supervised parenting time "at least one time per week," with such parenting time to be supervised by the child's paternal grandfather or paternal uncle on such dates and times as are arranged between the mother and the supervisor. Family Court further directed that any phone or electronic communication between the father and the child be supervised by the mother or the child's babysitter. With respect to the mother's family offense petition, Family Court found that the father had committed the family offense of harassment in the second degree and, consequently, issued a full stay-away order of protection against the father in favor of the mother and the child, subject to the father's supervised parenting time and monitored communication with the child during designated times. The father appeals, solely arguing that that he should have been granted more expansive supervised parenting time.[FN1]
In setting a parenting time schedule, the guiding principle is the best interests of the child (see Matter of Jorge JJ. v Erica II., 191 AD3d 1188, 1191 [2021]; Matter of Jill Q. v James R., 185 AD3d 1106, 1108 [2020]; Matter of Williams v Patinka, 144 AD3d 1432, 1433 [2016]). Generally, the best interests of a child lie in having healthy and meaningful relationships with both the custodial and noncustodial parent (see Matter of Zaida DD. v Noel EE., 177 AD3d 1220, 1222 [2019]; Matter of Heather SS. v Ronald SS., 173 AD3d 1271, 1272 [2019]). Thus, unless parenting time with the noncustodial parent would be detrimental to the child's welfare, Family Court must fashion a parenting time schedule that accords the noncustodial parent frequent and regular access to the child (see Matter of Adam E. v Heather F., 151 AD3d 1212, 1214 [2017]; Matter of Harrell v Fox, 137 AD3d 1352, 1355 [2016]). "Family Court has broad discretion to develop a parenting time schedule in the best interests of the child, and we will not disturb such determination unless it lacks a sound and substantial basis in the record" (Matter of Jill Q. v James R., 185 AD3d at 1108 [citations omitted]; see Matter of Sabrina B. v Jeffrey [*2]B., 179 AD3d 1339, 1340-1341 [2020]).
The evidence reflected that, in the years preceding the hearing, the father had engaged in several acts that exhibited a lack of concern for the child's safety and placed the child's physical, mental and emotional well-being at risk. Such acts included perpetrating acts of domestic violence against the mother in the presence of the child, driving with the child without a valid driver's license, attempting to evade the police in a car chase while the child was in the vehicle and drinking to the point of intoxication while the child was in his care in a potentially unsafe environment. Additionally, although the father testified that he was voluntarily obtaining treatment for certain mental health issues, the father did not present any evidence illuminating the nature and frequency of such treatment or demonstrating that his mental health issues were successfully being managed through such treatment. Upon consideration of the foregoing, as well as the other record evidence, we find that a sound and substantial basis exists in the record to support Family Court's determination to grant the father supervised parenting time "at least one time per week" (see Matter of Vincente X. v Tiana Y., 154 AD3d 1113, 1115 [2017]).[FN2] In our view, such parenting time provision satisfies Family Court's obligation to accord the noncustodial parent frequent and regular access to the child (see Kimberly C. v Christopher C., 155 AD3d 1329, 1335-1336 [2017]). Accordingly, we will not disturb Family Court's order.
Garry, P.J., Egan Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father "concede[s]" that Family Court "acted within its discretion in denying [him] unsupervised or overnight parenting time."

Footnote 2: The attorney for the child urges this Court to affirm Family Court's determination.