Matter of Devin W. v Jessica X. (2022 NY Slip Op 02316)

Matter of Devin W. v Jessica X.

2022 NY Slip Op 02316

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

530819
[*1]In the Matter of Devin W., Petitioner,
v
Jessica X., Appellant.

Calendar Date:February 16, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Lisa K. Miller, McGraw, for appellant.
Lisa A. Natoli, Norwich, attorney for the child.

Egan Jr., J.P.
Appeal from an order of the Family Court of Chenango County (Genute, J.), entered December 30, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2016). Pursuant to an order entered upon consent in January 2019, the parties were awarded joint custody of the child, with the child being placed with the mother during the week and with the father from 6:00 p.m. on Friday to 7:00 p.m. on Monday. In February 2019, the father filed a modification petition seeking sole physical custody of the child due to the mother's mental and physical health issues. Family Court thereafter issued a series of temporary orders in which it, among other things, reduced the mother's parenting time and directed that she participate in a home study and a mental health evaluation. Following a November 2019 hearing on the petition, Family Court issued a December 2019 decision finding that the mother's January 2019 suicide attempt and her involvement in a domestic violence incident constituted a change in circumstances that warranted revisiting the custodial arrangement. The court further found that the best interests of the child lie in awarding the father physical placement of the child and the mother supervised visitation. Family Court contemporaneously issued an order implementing the terms of that decision by, among other things, awarding the parties joint legal custody of the child, the father primary physical placement and the mother supervised visitation on alternating weekends, a week in the summer and as agreed by the parties. The mother appeals.[FN1]
Initially, the appealed-from order established a permanent custodial arrangement following a fact-finding hearing, and the mother's argument regarding a prior temporary order issued by Family Court is therefore moot (see Matter of John VV. v Hope WW., 163 AD3d 1088, 1089 [2018]). As for her challenges to the appealed-from order, we affirm.
"A party seeking to modify a prior order of custody must show that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Leah V. v Jose U., 195 AD3d 1120, 1121 [2021] [internal quotation marks and citations omitted]; see Matter of Patrick UU. v Frances VV., 200 AD3d 1156, 1158-1159 [2021]). Although little time had passed between the stipulation that led to the January 2019 order and the father's February 2019 modification petition (see e.g. Matter of Risman v Linke, 235 AD2d 861, 861 [1997]), the mother's own testimony reflected that, shortly after the parties had agreed to the terms of that order, she attempted suicide and was pushed down a flight of stairs by her then-boyfriend during a domestic dispute that occurred while [*2]the child was in her care. Family Court determined, and we agree, that those developments reflected a change in circumstances that warranted a review of what custodial arrangement would be in the child's best interests (see Matter of LaRussa v Williams, 114 AD3d 1052, 1053 [2014]; Matter of Poremba v Poremba, 93 AD3d 1115, 1116 [2012]).
Turning to that review, discerning the best interests of the child "requires an evaluation of various factors, such as each parent's past performance, fitness and ability to maintain a stable home environment and provide for the child's overall well-being, as well as the parents' respective willingness to foster a positive relationship between the child and the other parent" (Matter of Megan UU. v Phillip UU., 193 AD3d 1287, 1288 [2021]; accord Matter of Christina E. v Clifford F., 200 AD3d 1111, 1112 [2021]). Although the inquiry into whether a "change in circumstances has occurred should be limited to occurrences since the date of the prior custody order, a best interests inquiry is broader and may include other facts that give the court a view of the totality of the circumstances and family dynamics, including proof that relates to either party's fitness as a parent" (Matter of Smith v O'Donnell, 107 AD3d 1311, 1312 [2013]). "In light of Family Court's superior position to evaluate the testimony and assess witness credibility, we defer to Family Court's credibility determinations and factual findings, and we will not disturb Family Court's custody determination if it is supported by a sound and substantial basis in the record" (Matter of Megan UU. v Phillip UU., 193 AD3d at 1289 [citations omitted]; see Matter of Christina E. v Clifford F., 200 AD3d at 1112).
The record contains no reason to doubt that both parties are loving parents, but also reflects that the father is capable of offering the child a far more safe and stable living environment than the mother. The mother had repeatedly moved in 2019 and, at the time of the hearing, was sharing a residence with the child's half sibling and three men. One of those men was the former boyfriend who pushed the mother down a flight of stairs during an argument and, while both testified to engaging in therapy to address the underlying causes of that incident, no other proof was presented to show that the therapy had occurred or that either of them was making progress in it. Corroborating proof was also lacking for the mother's claims that her numerous physical and mental health challenges, some of which posed obvious risks to the child, were being adequately addressed. For instance, the mother's mental state deteriorated to the point that she attempted suicide in January 2019 and, a few weeks later, was the subject of a mental health hold following a welfare check requested by a concerned friend. The mother nevertheless failed to re-engage with a mental health counselor until September 2019 and, at the time of the hearing, was not engaging with medication [*3]management and a care manager as recommended in a June 2019 psychological evaluation. The mother also has significant physical challenges, the most worrying being seizures that she was not taking medication to manage and that, despite being unable to consistently predict, did not deter her from driving a car with the child as a passenger.
In view of the foregoing, and noting the mother's demeanor on the stand, Family Court declined to credit her testimony regarding her treatment and her supposedly improved physical and mental health. Family Court accordingly found that the best interests of the child lie in awarding physical placement to the father and significant, but supervised, parenting time to the mother. The court further made clear that it was ready to revisit that arrangement if the mother's situation stabilized, inviting her to file a modification petition when she could demonstrate that she had come into compliance with treatment recommendations, addressed the concerns about her physical and mental health and obtained a medical assessment as to whether she should drive given her seizure disorder. In our view, according deference to the credibility assessments of Family Court, a sound and substantial basis exists in the record for that determination (see Matter of Carin R. v Seth R., 196 AD3d 776, 778 [2021]; Matter of Christopher Y. v Sheila Z., 173 AD3d 1396, 1398-1399 [2019]; Matter of Christine TT. v Gary VV., 143 AD3d 1085, 1085-1086 [2016]).
The mother's remaining contentions, to the extent that they are preserved for our review, have been examined and are lacking in merit.
Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Although the notice of appeal purports to be an appeal from the underlying decision as well as the order, we note that the decision is not an appealable paper (see CPLR 5512 [a]; Headwell v Headwell, 198 AD3d 1130, 1131 n 1 [2021]; Matter of Carrie ZZ. v Aaron YY., 178 AD3d 1291, 1292 n [2019]).