Matter of Thomas SS. v Alicia TT. (2022 NY Slip Op 04213)

Matter of Thomas SS. v Alicia TT.

2022 NY Slip Op 04213

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

533701
[*1]In the Matter of Thomas SS., Appellant,
v
Alicia TT., Respondent. (Proceeding No. 1.)
In the Matter of Alicia TT., Respondent,
v
Thomas SS., Appellant. (Proceeding No. 2.)

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

Robert S. Beehm, Binghamton, for appellant.
Jackson Bergman, LLP, Binghamton (Sophie A. Bergman of counsel), for respondent.
Lisa K. Miller, McGraw, attorney for the child.

Ceresia, J.
Appeal from an order of the Family Court of Tioga County (Keene, J.), entered April 2, 2021, which (1) denied petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2)granted petitioner'sapplication, in proceeding No. 2 pursuant to Family Ct Act article 6, for permission to relocate with the subject child.
Thomas SS. (hereinafter the father) and Alicia TT. (hereinafter the mother) are the unmarried parents of one child (born in 2015). In 2018, Family Court issued an order of custody and visitation on stipulation, wherein the parties were granted 50/50 custody on a week on/week off basis until the time that the child was to begin prekindergarten or school. At that point, pursuant to the order, the mother would haveprimary physical custody of the child during the school year, with parenting time for the father on alternating weekends and certain weeknights. Notwithstanding this order, the parties agreed to continue with the 50/50 custody arrangement throughout the child's prekindergarten year. However, when the child began kindergarten in September 2020, the mother assumed primary physical custody of the child under the terms set forth in the order.
As a result, the father commenced proceeding No. 1 by filing a modification petition alleging a change in circumstances and seeking to maintain the 50/50 custody arrangement. Shortly thereafter, the mother filed a petition commencing proceeding No. 2, seeking permission to relocate to Pennsylvania with the child. Family Court issued a temporary order permitting the relocation, with the proviso that this was "subject to change" after the court conducted a hearing on both pending petitions. The mother and her husband (hereinafter the stepfather), along with the child, then moved into a new home in Athens, Pennsylvania, approximately 25 miles from where the mother had been residing. Following a fact-finding hearing conducted over three days in early 2021, the court granted the mother's relocation petition and denied the father's modification petition. The father appeals.
As an initial matter, we discern no error in Family Court's decision to grant the mother's relocation petition. "The parent seeking permission to relocate with the child[] bears the burden of establishing, by a preponderance of the evidence, that the proposed relocation is in the best interests of the child[]" (Matter of Celinda JJ. v Adrian JJ., 198 AD3d 1203, 1204 [2021] [citations omitted], lv denied 37 NY3d 918 [2022]). The factors to be considered in determining whether the child's best interests would be served in that regard include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's [*2]life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]; accord Matter of Celinda JJ. v Adrian JJ., 198 AD3d at 1204). "Because Family Court is in a superior position to assess witness credibility and make findings of fact, this Court gives deference and will not disturb a relocation decision that is supported by a sound and substantial basis in the record" (Matter of Lynk v Ehrenreich, 158 AD3d 1004, 1005 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 909 [2018]).
At the hearing, the mother testified that she and the stepfather had decided to move because the stepfather had a job opportunity that carried the possibility of a significantly higher salary, but also required that he live in Pennsylvania. The mother indicated that she had started a job as a substitute teacher at the child's new school in Pennsylvania, which paid more than her previous job and allowed her to spend more time with the child. She also testified that her new home was only approximately 15 minutes farther away from the father than her previous home. In opposing the move, the father testified as to the increased driving distance and the fact that he was unsure if he would be able to continue to coach the child's T-ball team if Family Court were to permit a permanent relocation. In light of the foregoing, we find a sound and substantial basis in the record for Family Court's determination that the mother's relocation would enhance the lives of the mother and the child economically and emotionally (see Matter of Hammer v Hammer, 163 AD3d 1208, 1210 [2018]), and that the move would not have a significant impact on the father's parenting time (see Matter of Hoppe v Hoppe, 165 AD3d 1422, 1424-1425 [2018], lvs denied 32 NY3d 912, 913 [2019]; Matter of Noel v LePage, 133 AD3d 1129, 1131 [2015], lv denied 27 NY3d 902 [2016]).
However, we find error in Family Court's denial of the father's modification petitionand, more particularly, the court's determination that the father had failed to establish a change in circumstances. "A party seeking to modify a prior order of custody must show that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Leah V. v Jose U., 195 AD3d 1120, 1121 [2021] [internal quotation marks and citations omitted]; accord Matter of Denise VV. v Ian VV., 205 AD3d 1090, 1091 [2022]). According to the father's petition, the sole reason for the parties' initial agreement to decrease the father's parenting time during the school yearwas because,at the time of the agreement, the father's work schedule prevented him from transporting the child to and from school. According to [*3]the father's hearing testimony, that circumstance had since changed. The father testified that, while the 50/50 custody arrangement was still in effect, heobtained a new job with a higher salary and more flexible hours, and bought a house in what was at that time the child's school district, such that the school transportation issue had been alleviated.
Based upon the foregoing, we find that, contrary to Family Court's conclusion, the father established the requisite change in circumstances justifying an examination of the best interests of the child. That said, as the record before us is not sufficiently developed to permit us to make an independent assessment of the child's best interests at this time, we further find that remittal to Family Court for fact-finding is warranted (see Matter of Crystal F. v Ian G., 145 AD3d 1379, 1383 [2016]; Matter of Kiernan v Kiernan, 114 AD3d 1045, 1046 [2014]). In that regard, we direct the court to conduct a Lincoln hearing as part of the fact-finding process. Such a hearing "is often the preferable course" and here it would provide "the court with significant pieces of information [necessary] to make the soundest possible decision" (Matter of Edwin Z. v Courtney AA., 187 AD3d 1352, 1354 [2020] [internal quotation marks and citations omitted]). In issuing this directive, we note that the appellate attorney for the child has indicated that she spoke with the child on two occasions, and the child expressed a wish to return to the 50/50 custody arrangement. Finally, "[e]ver mindful of the importance that the child's position be heard, under these circumstances, Family Court should not reappoint the trial [a]ttorney for the [c]hild" and, instead, a new attorney for the child should be appointed upon remittal(Matter of Sarah OO. v Charles OO., 198 AD3d 1151, 1153 [2021]).
The parties' remaining contentions have either been rendered academic by this determination or have been reviewed and found to be without merit.
Lynch, J.P., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied Thomas SS.'s modification petition; matter remitted to the Family Court of Tioga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.