Matter of Jorge R.C. v Julieta A.C. (2023 NY Slip Op 05462)

Matter of Jorge R.C. v Julieta A.C.

2023 NY Slip Op 05462

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kapnick, J.P., Gesmer, Scarpulla, Rodriguez, O'Neill Levy, JJ. 

Docket No. V20935-36-12/18E, V-20935-36-12/19F Appeal No. 921 Case No. 2022-01394 

[*1]In the Matter of Jorge R.C., Petitioner-Respondent,
v
Julieta A.C., Also known as Julietta .B., Respondent-Appellant.

Geoffrey P. Berman, Larchmont, for appellant.
Jorge R.C., respondent pro se.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the children.

Order, Family Court, New York County (Carol Goldstein, J.), entered on or about March 3, 2022, which, to the extent appealed from as limited by the briefs, after a hearing, granted petitioner father's motion to modify the final order of custody and visitation for the parties' children by directing that the father become custodian of the children's passports, unanimously affirmed, without costs.
Contrary to respondent mother's assertions, the expedited hearing procedures, imposed during the period when proceedings were conducted virtually during the COVID-19 pandemic, did not deny her due process (see e.g. Matter of Francisco A. v Amarilis V., 198 AD3d 405, 406 [1st Dept 2021]; Matter of Saymone N. v Joshua A., 202 AD3d 507, 507-508 [1st Dept 2022]; see generally Judiciary Law § 2-b[3]). The court explained the proposed procedures and gave the parties time to consider whether they would consent. The mother then provided her explicit consent. The court imposed time constraints in an even-handed manner as to both parties and conducted the proceedings fairly. The mother fails to identify any way in which the procedures hampered her ability to present her case.
Although Family Court did not explicitly state that there was a substantial change in circumstances warranting reevaluation of the final custody and visitation order, the record evidence supports that finding (see Matter of Santiago v Halbal, 88 AD3d 616, 617 [1st Dept 2011]). Specifically, the record evidence establishes that, while the mother was the custodian of the children's passports, there were numerous conflicts about the passports and those conflicts had a negative impact on the children (see e.g. Matter of Aly T. v Francisco B., 146 AD3d 425, 425 [1st Dept 2017]). The court's determination, that the best interests of the children were served by the father becoming custodian of the passports, is supported by a substantial basis in the record, which showed that the mother had repeatedly withheld the passports (see Yolanda R. v Eugene I.G., 38 AD3d 288, 289 [1st Dept 2007]; Matter of Elissa A. v Samuel B., 123 AD3d 638, 639 [1st Dept 2014]; see generally Eschbach v Eschbach, 56 NY2d 167, 173-174 [1982]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023