Matter of Natalie F. v Nicholas G. (2026 NY Slip Op 00959)

Matter of Natalie F. v Nicholas G.

2026 NY Slip Op 00959

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-25-0052
[*1]In the Matter of Natalie F., Appellant,
vNicholas G., Respondent.

Calendar Date:January 14, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Lisa K. Miller, McGraw, for appellant.
Christopher Hammond, Cooperstown, for respondent.
Marcia Heller, Rock Hill, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Delaware County (Gary Rosa, J.), entered December 3, 2024, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2016). Pursuant to a 2021 order entered upon consent, the father had sole custody of the child with parenting time to the mother on alternate weekends and other delineated times. In January 2024, the mother commenced this Family Ct Act article 6 proceeding to modify the prior order to afford her additional and more definite parenting time, particularly on the child's birthday and holidays, citing a breakdown in communication, the father's move to a new home and the father's refusal to abide by the holiday parenting time provisions of the prior order. Following a three-day fact-finding hearing and a Lincoln hearing, Family Court granted the mother's petition to the extent of establishing a new parenting time schedule that provided her with an additional weekend, time during the child's summer break from school, definite times on Christmas, Thanksgiving, Mother's Day and Father's Day, and "such further, other, and different parenting time as the parties may agree." The order did not address any other holidays, school breaks or the child's birthday. Further, Family Court ordered that "neither [the] mother nor [the] father shall remove [the] child from New York State without written consent of the other parent." The mother appeals.
We turn first to the mother's primary argument on appeal, which she directs at the absence of parenting time provisions in Family Court's order for certain holidays. On that, the mother notes that her petition sought greater clarity on a number of holidays and, although Family Court obliged on certain holidays, the exclusion of other holidays and important milestones was in error.[FN1] Based on the tenor and substance of the parties' testimony and evidence of their prior communications submitted at the fact-finding hearing, we agree.
To begin, the parties do not dispute that there was a change in circumstances, thus distilling our inquiry to what custodial arrangement is in the best interests of the child (see Matter of Amy K. v Jeffrey L., 241 AD3d 1632, 1632-1633 [3d Dept 2025], lv denied 44 NY3d 909 [2026]; see Jason VV. v Brittany XX., 230 AD3d 1398, 1400 [3d Dept 2024]). "Factors generally considered in a best interests analysis include the quality of the home environment of each parent, the need for stability in the children's lives, the past performance of the parents and their ability to provide for the children, the wishes of the children and the degree to which each parent is willing to foster a positive relationship between the children and the other parent" (Matter of Mark JJ. v Stephanie JJ., 240 AD3d 1025, 1027 [3d Dept 2025] [internal quotation [*2]marks and citation omitted]; see Matter of Robert C. v Katlyn D., 230 AD3d 1392, 1394 [3d Dept 2024]). "In addition, although not determinative, the expressed wishes of the children are some indication of what is in their best interests, considering their age, maturity and potential to be influenced" (Matter of Sheena PP. v Edward QQ., 238 AD3d 1417, 1418 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; accord Matter of Ann T. v James U., 241 AD3d 1662, 1664 [3d Dept 2025]). "Family Court has broad discretion to develop a parenting time schedule in the best interests of the child, and [this Court] will not disturb such determination unless it lacks a sound and substantial basis in the record" (Matter of Carin R. v Seth R., 196 AD3d 776, 777 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Tina X. v Thomas Y., 233 AD3d 1272, 1275 [3d Dept 2024]).
Family Court granted the mother some of the relief she requested by expanding her parenting time in comparison to the prior order. However, in modifying the relevant provisions of the prior order, Family Court omitted various holidays and time periods that were previously addressed. To that end, the unfortunate reality borne out by the record is that the parties would routinely engage in disputes over parenting time on holidays and demonstrated an inability to agree on the simplest changes to their parenting time schedule. As credited by Family Court, the father would routinely attempt to exercise "unilateral[ ]" control over the mother's parenting time and the mother would belatedly cancel visits, creating an untenable situation with respect to the other specific parenting time periods. In turn, by omitting the previously identified periods of parenting time delineated in the prior order, Family Court's order, in effect, invites more of the same disagreements at the expense of the child.
We note our agreement with Family Court's advisement that the parties would do better to find common ground for the child's sake and that neither parent is without fault with respect to their failures in amicably communicating with each other with respect to the child. Nevertheless, under the circumstances presented, any order dealing with parenting time must unfortunately be all-encompassing and specific so as to avoid further acrimony between the parties and provide the child with meaningful time with both parents on the important dates as acknowledged by the parties themselves (see Matter of Henry CC. v Antoinette DD., 222 AD3d 1231, 1235 [3d Dept 2023]). Accordingly, rather than modifying the order that is now more than one year old, we find it prudent to remit the matter back to Family Court to craft a definitive parenting time schedule that encompasses the holidays and time periods that the parties identified as meaningful and in dispute in order to ensure that they are divided in accordance with the child's best interests (see Matter of Michelle EE. v John [*3]EE., 235 AD3d 1121, 1124 [3d Dept 2025]; Matter of Cornielle v Rosado, 231 AD3d 824, 828 [2d Dept 2024]; Matter of Henry CC. v Antoinette DD., 222 AD3d at 1235; Matter of Sabrina B. v Jeffrey B., 179 AD3d 1339, 1343 [3d Dept 2020]; Matter of Alvarado v Cordova, 158 AD3d 794, 795 [2d Dept 2018]; see also Matter of Michael M. v Makiko M., 238 AD3d 1304, 1307 [3d Dept 2025]).
In addition, the parties' inability to agree on parenting time provisions supports our disagreement with Family Court's inclusion of a provision in its order that requires each party to obtain the other's consent before traveling out of state with the child. This aspect of the mother's request was born of her stated desire to travel to Florida with the child to visit with her maternal relatives. There is no indication that the mother presented a threat of absconding with the child and, based upon the acrimony between the parties, imposing a condition requiring consent to travel is unfeasible and, as relevant to this appeal, would likely impede the child's ability to maintain a relationship with her maternal relatives (see Matter of Alvarado v Cordova, 158 AD3d at 795; Matter of Aly T. v Francisco B., 146 AD3d 425, 426 [1st Dept 2017]; see also Matter of Kimberly J. v Benjamin G., 227 AD3d 471, 472 [1st Dept 2024]). However, we reject the mother's contention that Family Court should have granted her two weeks of uninterrupted parenting time to effectuate such travel. Family Court's order meaningfully expanded the mother's parenting time, and we discern no justification for the mother's contention that the time allotted was insufficient to accommodate her intended travel (see Matter of Dusten T. v Trisha U., 235 AD3d 1215, 1217-1218 [3d Dept 2025]; Matter of Michelle EE. v John EE., 235 AD3d at 1124; Matter of Jesse HH. v Lindsey II., 233 AD3d 1410, 1413 [3d Dept 2024], lv denied 43 NY3d 906 [2025]).
Reynolds Fitzgerald, J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the order is modified, on the law and the facts, without costs, by reversing so much thereof as ordered that neither petitioner nor respondent be permitted to remove the child from New York State without the written consent of the other parent; matter remitted to the Family Court of Delaware County for a determination as to petitioner's parenting time in accordance with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: During the proceedings before Family Court, the attorney for the child argued alongside the mother that the father had impeded the mother's ability to have meaningful parenting time with the child and, in that respect, argued that a more definitive parenting time schedule was warranted. On appeal, however, the attorney for the child contends that Family Court's order is supported by a sound and substantial basis.